```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED 8 11 2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Timothy John Kennedy

_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

The City of New York et al

_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**SECOND
AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial: ☑ Yes   ☐ No
(check one)

12 Civ. 4166 (KPF)

I.   **Parties in this complaint:**

A.   List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's   Name Timothy John Kennedy
ID#_____
Current Institution_____
Address 230 W. 82nd St. # 1-D
New York, N.Y. 10024

B.   List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant No. 1   Name The City of New York   Shield #_____
Where Currently Employed _____
Address 100 Church St.
New York, N.Y. 10007

*Rev. 01/2010*                                       1

Defendant No. 2    Name _NYPD officer Christopher Noto_____ Shield #_11724 [sic] 1172_
Where Currently Employed _20ᵗʰ precinct / Police Department_
Address _120 W. 82ⁿᵈ St._____
_New York, N.Y. 10024_____

Defendant No. 3    Name _NYPD officer Jennifer Longo_ Shield #_6[c] 658_
Where Currently Employed _20ᵗʰ precinct / Police Department_
Address _120 W. 82ⁿᵈ St._____
_New York, N.Y. 10024_____

**Who did what?**

Defendant No. 4    Name _Lt. Andrew Arias_____ Shield #_not known_
Where Currently Employed _Retired  20ᵗʰ precinct  Police Department_
Address _120 W. 82ⁿᵈ St._____
_New York, N.Y. 10024_____

Defendant No. 5    Name _NYPD officer Kathleen Clifford_ Shield #_26387_
Where Currently Employed _26ᵗʰ precinct  Police Department_
Address _____

(see attached)

## II.    Statement of Claim:

State as briefly as possible the facts of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?

_Borough  of  Manhattan_____

B.    Where in the institution did the events giving rise to your claim(s) occur?

_W. 82ⁿᵈ St.  Between  Broadway  and  Amsterdam, N.Y.C._

C.    What date and approximate time did the events giving rise to your claim(s) occur?

_February 26ᵗʰ, 2011  on or about 7:30 p.m._____

D.    Facts: _On February 26, 2011 at about 7:30 p.m. I was attacked from behind by a N.Y.P.D. officers Christopher Noto 20ᵗʰ precinct, shield # 11724 [sic] 1172, and N.Y.P.D. officer Jennifer Longo, 20ᵗʰ precinct, shield # [sic] 658. I was assaulted,_

**What happened to you?**

Defendant #6 N.Y.P.D. officer Bayan Gbanoi shield# 6816
N.Y.P.D 20th precinct

Defendant #7 N.Y.P.D. officer John Doe #5
shield # and address unknown

Defendant #8 N.Y.P.D. officer John Doe #6
shield # and address unknown

Defendant #9 N.Y.P.D officer Russel Bost shield #19049
20th precinct Police Department
120 W. 82nd St. New York, N.Y. 10024

Defendant #10 N.Y.P.D. officer Richard Conde shield # 24074
20th precinct Police Department
120 W. 82nd St. New York, N.Y. 10024

Face bashed into the sidewalk, slave shackled, robbed, and repeatedly sexually molested. I was abducted and taken to the 20th precinct, where I was tortured for approximately 1 hour. Later I was taken to St. Luke's Hospital, where abducting officers told hospital staff I was "caught in the act of slashing police tires." In the hospital, police officer Kathleen Clifford did commit theft of service and identity theft by activating the television billed to me without authorization or providing her billing information. Another N.Y.P.D officer Dayan Gbonoi did order a nurse to remove a bandage she had placed to protect wounds caused by slave shackles. I was later taken to the 20th precinct by N.Y.P.D officers who took and read private and confidential medical records, laughing. I was then taken by N.Y.P.D. officers Richard Conde and Russel Bast and forced to stand in freezing temperatures with no shirt or jacket, Officer Conde saying: "I hope it's cold for you." This was done once at the 20th precinct and once at 100 Centre St.

**III.   Injuries:** (see attached)

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

Contusions on right side head, face, and neck. Abraded skin on the area of the sternum caused by N.Y.P.D torture. Timothy remained in a coma for 2 or 3 days. Chronic pain in neck, back, and shoulder resulting from injuries sustained in the assault, resulting in ongoing physical therapy and medical treatment. Permanent vision damage due to trauma in the area of the right eye. Diagnosis of Post Traumatic Stress Disorder resultant from the assault.

**IV.   Exhaustion of Administrative Remedies:**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Administrative remedies are also known as grievance procedures.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). *NA*

_____

_____

_____

B.   Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _____   No _____   Do Not Know ____ *NA*

C.   Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes _____   No _____   Do Not Know _____

If YES, which claim(s)?   *NA*
_____

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes _____   No _____   *NA*

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes _____   No _____

E.   If you did file a grievance, about the events described in this complaint, where did you file the grievance?   *NA*
_____

1.   Which claim(s) in this complaint did you grieve?
_____ *NA*

2.   What was the result, if any?
_____ *NA*

3.   What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process. *NA*
_____

_____

_____

F.   If you did not file a grievance:

1.   If there are any reasons why you did not file a grievance, state them here: *NA*
_____

_____

_____

_____
_____
_____

2.  If you did not file a grievance but informed any officials of your claim, state who you
    informed, when and how, and their response, if any:

*NA*

_____
_____
_____
_____
_____
_____

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative
    remedies.

*NA*

_____
_____
_____
_____
_____
_____
_____
_____

Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your
       administrative remedies.

V.   **Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that
you are seeking and the basis for such amount).  _____

a. compensatory damages
b. punitive damages
c. cost of suit and attorneys fees pursuant to 42 U.S.C. Section 1988
d. such other relief as the court deems just and proper

_____
_____
_____
_____
_____

_____
_____
_____

**VI.**    **Previous lawsuits:**

**A.**    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

On
these
claims

Yes _____ No __✓__

**B.**    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____ N/A _____
Defendants _____ N/A _____

2. Court (if federal court, name the district; if state court, name the county) _____ N/A _____

_____ 3.    Docket or Index number _____ N/A _____
_____ 4.    Name of Judge assigned to your case _____ N/A _____
       5.    Approximate date of filing lawsuit _____ N/A _____
       6.    Is the case still pending? Yes _____ No _____ N/A ____
             If NO, give the approximate date of disposition _____ N/A _____
       7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____ N/A _____

_____
_____

On
other
claims

**C.**    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____    No _____     N/A

**D.**    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____ N/A N/A _____
Defendants _____ N/A _____

2.    Court (if federal court, name the district; if state court, name the county) _____ N/A _____

_____ 3.    Docket or Index number _____ N/A _____
_____ 4.    Name of Judge assigned to your case _____ N/A _____
       5.    Approximate date of filing lawsuit _____ N/A _____

*Rev. 01/2010*                              6

6.   Is the case still pending?  Yes _____  No ___*NA*

If NO, give the approximate date of disposition_____

7.   What was the result of the case?  (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____*NA*_____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this _JC_ day of _August_, 20_14_

Signature of Plaintiff   _____

Inmate Number   _____

Institution Address   _230 w. 82nd St. 1-D_

_New York, N.Y. 10024_

_____

_____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:   _____

FACTUAL ALLEGATIONS

1. Plaintiff, Timothy was walking out of his apartment when he was
   attacked from behind by two police officers, Christopher Noto, shield number
   11724 or "[sic] 1172", And police officer Jennifer Longo, shield number "[sic]
   658". Upon information and belief, both police officers were wearing plain clothes.

2. Timothy heard a voice say "We got him." He was then attacked from behind,
   knocked to the ground, and his face was repeatedly bashed into the sidewalk
   Timothy could see his blood on the sidewalk.

3. Timothy was screaming for help and never resisted. Upon information and belief,

Four witnesses to the assault called 911. Timothy heard one of the attacking police
officers say" If I want to kill you, I can kill you."

4. The same officer removed property from Timothy's pockets and grabbed his

crotch. As Timothy protested the unwelcome sexual assault, the assailant

grabbed his crotch a second time. Upon information and belief, the sexual predator was
NYPD officer Christopher Noto.

5. Timothy was forced into the back seat of a car. Upon information and belief  a
black sedan. Upon information and belief, the car was not a police patrol.

6. Timothy does not know how long he was in the car because he blacked out.

7. Upon information and belief, Timothy was taken to the 20th precinct. There
   Timothy felt that someone representing himself as a sergeant, was digging
   something into his chestSaying: "Talk to me, Mr. Kennedy. If you don't talk to
   me, I'm going to keep doing this all night." Upon information and belief, the
   torturing officer was Lt. Andrew Arias. Shield number not provided.

8. Upon information and belief, Timothy was held in the 20th precinct for an hour

and 20 minutes before he was taken to the hospital.

9. Endangering his life, Timothy was taken to Saint Luke's Hospital instead of

Roosevelt Hospital, which is closer to the place of the incident and/or the 20th

Precinct.

10. Timothy was on a respirator and remained left wrist and left ankle. Timothy *shackled* had intravenous tubes, a catheter, and a breathing tube attached to a respirator.

11. On Sunday, February 27th, upon information And belief, a police officer activated, without authorization, the television billed to Mr. Kennedy in order to watch the superbowl while on duty. Upon information and belief, the officer who committed the theft of service, identity theft, and dereliction of duty was officer Kathleen Clifford, shield number 26387.

12. Later in the hospital, Timothy noticed that the skin that covered the chest in the area of the sternum was abraded away and a scab had formed over the wounded tissue.

13. While Timothy was in the hospital, a police officer from the 26th precinct, ordered a nurse to remove a bandage she had placed around Timothy's ankle to protect raw skin from the the abrasions caused by the shackle. Upon information and belief, the officer who interfered with necessary medical care was officer Bayan Gbonoi, shield number 6816.

Police officers came to the hospital twice to take Timothy's fingerprints. Twice Investigators from internal affairs came to ask questions, but Timothy remained silent.

14. Timothy was discharged on or about Thursday afternoon, March 3rd, 2012. On that day, two police officers, John Doe 5 and John Doe 6 came to pick up Timothy. The discharging nurse handed Timothy private and confidential medical information, but one of the police officers grabbed the paper work and started to read it. Indeed, both officers discussed the private and confidential medical information and one of them asked Timothy if he had HIV. While both offending officers were discussing Timothy's private and confidential medical information, both officers laughed. This situation caused Timothy considerable distress without even considering Timothy's fragility upon being released. The above mentioned

officers were identified in the complaint as John Doe 5 and John Doe 6. The City has not provided the identities of the defendants in question.

15. During Timothy's discharge, the hospital staff  handed him a portion of the shredded remains of his clothing.

16. After that, Timothy was taken to the 20th precinct and held for 3 hours in a cell, waiting for the arresting officers to transport him to 100 Centre St. Timothy was not permitted to call his lawyer.

17. Officers arrived later to transport Timothy to 100 Centre St. for arraignment. Upon information and belief, NYPD officer Russel Bast, shield number 19049, and officer Richard Conde, shield number 24074. Officer Conde forced Timothy to wait outside for10 or 15 minutes without a shirt or jacket in freezing temperatures, saying: "I hope it's cold for you." This was done with the sole purpose to cause distress and to recklessly endanger Timothy's health. Upon arriving at 100 Centre St.,Timothy was again forced to stand in freezing temperatures without a shirt or jacket for an extended period of time, recklessly endangering his health and wellbeing again.

18. Timothy was neither charged with a crime nor told his rights.

19. On Thursday night, March 3rd, Timothy was taken to his arraignment. Timothy spent approximately 5 days under arrest without having access to the judge.

20.  After his release, Timothy attempted to retrieve his property and found that an antique gold eyeglass was missing. Timothy tried to file a grand larceny report at the 20th precinct for the missing property, but the police officer, refused to file a report. The antique gold eyeglass was valued at $5,500.00. Upon information and belief, the officer who refused to take and file the reported crime was Sgt Daniel Mulvey, shield number3397.

21. At the moment, Timothy is awaiting the results of an appeal of his false CONviction for "attempted criminal mischief" by Judge Thomas Farber. The

conviction was based solely on the false testimony of Jane Doe Francesca Zambello, whose perjured testimony under oath included a detailed description of a lineup which never took place, as the judge and district attorney were both well aware, and in which she claimed under oath to have picked Timothy out of a lineup and positively identified. Timothy continues to receive physical therapy and medical treatment specific to the chronic pan resulting from the multiple injuries sustained in the attack.

22. Upon information, both Timothy's family members, friends, and hospital staff were told falsely that Mr. Kennedy had been "caught in the act of slashing police tires." Upon information and belief, police officers told Timothy's friends that they "had video proof." No such evidence was produced at trial.

23. First cause of action false arrest and imprisonment.

24. Second cause of action malicious prosecution.

25. Third cause of action Failure to instruct, supervise, and control directed against the City of New York cognizable under Monnell and 42 U.S.C. Section 1983.

26. Fourth cause of action Intentional Infliction of Emotional Distress.

27. Fifth cause of action False arrest and imprisonment under 42 U.S.C. Section 1983.

28. Sixth cause of action Excessive Use of Force under 42 U.S.C. Section 1983.

29. Seventh cause of action illegal search and seizure under 42 U.S.C. Section 1983.

30. Eighth cause of action Battery.

31.   Ninth cause of action Assault.

32. Tenth cause of action Defamation.

New York, N.Y.

     August 8, 2014

                                     Timothy J. Kennedy

                                     230 West 82nd Street

                                     New York, N.Y.10024